BERKSON BROS. et al. v. MAX KAHN.

**Attachment — Trial of Plea in Abatement — Erroneous Instructions.**

> On the trial of a plea in abatement in an attachment suit, where the evidence shows that defendant's wife was placed in possession of part of the attached personal property under a parol sale by the husband, it is error for the court to instruct the jury for the defendant that the sale to his wife was not fraudulent if the debt was a *bona fide* debt and the sale in good faith without adding that a parol sale to his wife was void as to creditors, when the attachment is by a creditor of the defendant.[1]

Appellee, Max Kahn, was engaged in merchandising and running a livery stable in Gloster, Miss. He owed debts to dif-

---

**Transfers of Property — Suits Pending.**

A transfer of property from a husband to his wife, otherwise valid under Code 1892, § 2294, regulating the subject is not rendered invalid by the fact that suits were threatened or pending against the husband at the time it was made. Donoghue et al. *v.* Shull, 85 Miss. 404.

Although a transfer of property from a husband to his wife was made with intent to defraud existing creditors of the husband, it is valid as to the subsequent creditors, under Code 1892, § 4228, so providing, unless made to defraud them, and hence it is valid as to a creditor who had knowledge of the transfer, consented thereto, and treated the wife as the real owner of the property so transferred before the husband contracted the debt due to him. Donoghue et al. *v.* Shull, 85 Miss. 404.

A conveyance executed for value and in good faith by a husband to his wife cannot be avoided by a creditor of the husband whose debt was unsecured at the time under Code 1906, § 2294, providing that a conveyance between husband and wife shall not be valid as against a third person unless it be filed for record, where it was filed for record before the creditor obtained lien. Green et al. *v.* Weems et ux., 85 Miss. 566.

**Fraudulent Conveyances — Husband and Wife — Suit against Vendor — Notice to Vendee.**

The fact that a husband has been sued by another creditor at the time he conveyed property to his wife, in satisfaction of a debt due her, is not alone sufficient to charge her with notice of his intent to defraud other creditors in so doing. Graham *v.* Morgan, 83 Miss. 601.

**Same — Intent to Prefer Wife.**

A conveyance from a husband to his wife, in satisfaction of pre-existing valid indebtedness, is not fraudulent as to his creditors where the value of the property conveyed does not exceed the amount of the debt, although the husband designed to prefer his wife. Graham *v.* Morgan, 83 Miss. 601.

Does not apply to leases of land between husband and wife; applies only to transfers of property. One who takes a trust deed from the husband on

ferent parties and on January 10, 1885, he sold his stock of goods and merchandise to his uncle, Lewis Kahn, and his livery stable to his wife Chodena Kahn, by writings duly signed and delivered and which were recorded. The recited considerations were debts due the grantees by Max Kahn.

On January 13, 1885, appellants sued out a writ of attachment against Max which was levied upon the property in Mrs. Kahn's possession. Max Kahn filed a plea in abatement and on the trial of that plea he testified that some of the property attached was not included in either of the bills of sale, but that that was an oversight, as the property had really been sold to Mrs. Kahn in payment of a debt he owed her and that he delivered the property

crops grown on land leased by him has actual notice that the wife has sub-leased a part of the land, though by parol, the trust deed will not affect the wife's crop grown on the subleased land. Underwood v. Ainsworth, 72 Miss. 328.

Parol evidence is incompetent to show either the transfer or notice to third parties. Montgomery v. Scott, 61 Miss. 409.

A conveyance by a husband to his wife on consideration held to be partly real and partly fictitious, is valid as to the true amount due, but void as to the excess. Thompson v. Heath, 55 Miss. 656.

A previous voluntary promise by the husband to give his wife at some time a sum of money is not such a valuable consideration as to support a deed.

This applies to creditors regardless of when their rights accrued. Gregory v. Dodds, 60 Miss. 549.

Rule does not apply to property situated outside of State. Davis v. Williams, 73 Miss. 708. See also Walker v. Marseilles, 70 Miss. 283.

A conveyance of property from the wife to the husband which is not filed for record is invalid as against a third person. Watkins v. Duval, 69 Miss. 364.

An unacknowledged deed from husband to wife is not valid against an attaching creditor, although the creditor had seen the deed on record before attaching. Snider v. Woodenware Co., 74 Miss. 353.

Transactions prior to adoption of Code are not affected. Walker v. Marseilles, 70 Miss. 283.

Transfer of husband's cotton crop not produced by the wife to the wife, not in accordance with the Code 1880, § 1178, is void, and purchaser from her acquired no title. Black v. Robinson, 62 Miss. 68.

Where a husband and son made a deed to the wife and mother, who filed deed on November 20th, and the husband and son made an assignment on November 21st, held, that failure of wife to have deed recorded is not sufficient to vitiate the conveyance in the absence of any evidence connecting her with a fraudulent scheme. Klein v. Richardson, 64 Miss. 41.

See also §§ 2294 and 4228 of Code of 1906.

to her before it was attached and that she was in possession of it at that time.

The sixth and seventh instructions referred to in the opinion of the court are as follows:

" 6. The court instructs the jury that a debtor has the right to pay any creditor in full whether he is able to pay all his creditors or not, and may prefer one or more creditors if he desires. And if the jury believe from the evidence that Max Kahn disposed of his property at a fair price in the payment of actual debts owed by him he had the right to do that and an attachment cannot be sustained against him for that reason or upon that ground.

" 7. The court instructs the jury that the act of Max Kahn in paying the debts of Lewis Kahn and his wife, Chodena Kahn, were not fraudulent if the debts were *bona fide* and the sale was in good faith, even if the jury believe he could not pay all his creditors."

From verdict and judgment for defendant dismissing the attachment and awarding damages to defendant plaintiff appeals.

From the Circuit Court of the Second District, Amite county.

Reversed and remanded, May 25, 1885.

*Attorney for appellant, D. C. Bramlett.*

*Attorneys for appellee, Neilson & Stockdale.*

Brief of D. C. Bramlett:

First the instructions Nos. 5 to 10, asked by appellants, plaintiffs in the court below, should have been given by the court. The evidence in the case about which there is no dispute shows that appellee was engaged in merchandizing and conducting a livery business in the town of Gloster, and, being indebted, applied to his commission merchants to advance him the ensuing year, but failing in this, conveys land and stock of goods, etc., to his uncle, and mules and horses to his wife, in settlement of real or pretended debts due them. The sales are kept secret from his brother merchants in Gloster, and to all outward appearances the mercantile business is carried on in the same way and manner after the execution of the deeds as before; the defendant's sign remains, advertising him to the world as the owner after the sale, and he is found

in the store as before sale, selling goods as usual, and no notice given to any one save the grantees of the change of ownership. And I would first call the attention of the court to instruction 10, ask by appellants and refused by the court below. I insist that under section 1300, Code of 1880, the facts adduced here entitled the appellants to this instruction. This section, by the Code of 1880, is made a part of the law in relation to the prevention of frauds, and is elaborately construed by this court in Jumbel *v.* Koon, 59 Miss. 264. In the case cited, on p. 267, this court says:

" The object of the statute (section 1300) was to prevent the assertion of secret claims to property as against creditors of the person who seems to be the owner of it, evidenced by his dealings with it; and it conclusively fixes the ownership to be in the person whose sign is exhibited at the place where the business is conducted, or who," etc.   *   *   *

Now, we find the defendant making a deed of his stock of goods to his uncle, and yet holding himself out to the world by his sign as the owner, and this the section referred to stamps as a fraudulent intent to dispose of his property as to his creditors, and justifies an attachment. I hold that under the section referred to, to complete a sale of a stock of goods, etc., and render it valid, as against creditors, the sign of the seller, where one is exhibited, must be taken down or changed. This, I insist, is as essential as a delivery, or that the contract of sale be in writing.

If, however, I should be mistaken in this view, instruction No. 5 (pp. 27 and 28) is clearly right, for it only charged that the fact of the sign remaining after sale was a circumstance to be considered by the jury, with all the other testimony in the case.

Second. The instructions, six, seven, and eight, asked by plaintiffs and refused by the court, should have been given. Let us analyze and consider instruction No. 7, though the other two are upon the same line. This instruction simply propounds the law that the sale here, to be valid as against creditors of the seller, must be accompanied by a real, actual, and open change of possession, such as would be publicly known as far as the circumstances would admit of, and if the jury believed from the evidence that after the sale defendant remained in possession of the property sold substantially as he was before the sale, then the jury should find that the attachment was rightfully sued out. In other words,

that it was a fraud as to creditors. Under the testimony in this case, if the jury found the facts to exist as required by this instruction and Nos. 6 and 8, and it was for them to determine this question, appellants were entitled to a verdict in the court below, and a new trial should be awarded.

Third. The second error assigned complains of the court below in granting instructions one to eight for defendant. Instruction No. 1, for appellees (p. 33, Rec.), required appellants, in order to sustain their attachment, to prove to the satisfaction of the jury that the acts of appellee were done in fraud of his creditors. This instruction places the standard of proof higher than law demands in controversies depending upon the character of evidence as adduced in this case. The law is that the jury, in a civil case, are to decide facts upon the weight or preponderance of the evidence, even though the proof does not show such facts to their satisfaction. See Stratton *v.* C. C. H. Ry. Co., 95 Ill. 32.

This instruction was calculated to mislead the jury, and should not have been given. See P. L. Ins. Co. *v.* Dill, 91 Ill. 174.

Instruction No. 2 should have been qualified to accord with the testimony in the case, and is clearly misleading in the form given.

Instruction No. 4 for defendant (p. 34) should have been modified so as to show what was necessary to constitute a valid sale as against creditors. From this instruction a jury might properly infer that the execution of a deed or bill of sale was all that was necessary, although the seller retained possession and enjoyed the benefit and profits of the property.

Instruction No. 5 (same page) is not applicable to the evidence, for there is no testimony showing or tending to show that Lewis Kahn ever did anything with the stores and goods, and what the instruction means I am unable to divine.

Instruction No. 6, while good law, should not have been given, for it was only calculated to mislead the jury. Appellants were not trying to sustain their attachment because appellees had settled with, or paid, one or more creditors by a sale of property, but because he had fraudulently disposed of his property, or attempted to do so. The purchasers might acquire a good title, and yet the seller might render his property liable to attachment.

Instruction No. 7 assumes the fact that appellee was indebted to his uncle, Lewis Kahn, and his wife, Chodena Kahn, and that he made sales of property to them in satisfaction of such debt

was a question for the jury to determine. In addition to this the instruction was calculated to mislead the jury.

Upon the third and last error assigned I have nothing to say, in addition to the above, except that we are clearly entitled to a new trial, and this we ask of this honorable court.

Brief of Neilson & Stockdale:

Instruction No. 5 was properly refused. Max Kahn had sold out and delivered possession of said store to Lewis, and Max had no control over it, and the sheriff testifies that Lewis nor any one could not have removed it, and Max had no interest in or power over it. Max ought not, surely, be attached for what Lewis did or did not do after he had sold out to Lewis, and had no further control over the store. And, further, the instruction was bad because it asks the court to instruct that if Max remained in the store, it is a matter to consider, etc. This is too broad; he might have remained there to work or do nothing, and not subject himself to attachment, unless he was disposing of his property.

The instructions given for plaintiff had fully presented the law of plaintiff's case to the jury, and there was no error in refusing the others, Nos. 5, 6, 7, and 8, as the only effect they could possibly have would be to confuse and mislead the jury and could throw no additional light on the issue. The ninth and tenth instructions are identical, and announce that the mere fact of the old " sign " remaining over the " storehouse," as a matter of law is conclusive of fraud, and alone justifies the attachment. These were properly refused. Appellant cites section 1300 of Code of 1880, and Gumble v. Koon, 59 Miss. 264, to support his views. We submit that neither the section nor the decision have any application whatever to the case at bar. The statute applies to a " person transacting business as a trader or otherwise agent, etc., and fails to disclose the name of his principal," or " who shall transact business in his own name." It is not pretended that Max Kahn, after Saturday evening, was transacting business in this store in any way. Nor does the decision apply; in that case, Buffington was buying cotton, transacting business in his own name, and cotton acquired by him in this business was subjected to a judgment against him, and the court held that the sign was conclusive evidence of ownership. There was a trial of the right of property, and the secret claim of Gumble was the fraud on cred-

itors. Here is an attachment issue. Max Kahn is charged with defrauding his creditors, and the court is asked to charge as " conclusive " evidence of fraud on the part of Max Kahn an act which, if this decision applies, would keep his property within reach of his creditors and subject to his debt, and so with the five instructions. It was not even a circumstance to be considered as tending to show fraud in Max Kahn; in this issue, its tendency was the opposite.

There was no error, we submit, in the instructions given for defendant, when considered with those given for plaintiff. The conclusion reached is correct, and should be affirmed.

OPINION.—COOPER, C. J.:

It is an undisputed fact that a large portion of the attached property was not validly transferred either to Lewis Kahn or to Chodena Kahn, the wife of the defendant, although she had been placed in the possession thereof by her husband under a parol sale, which was void as to his creditors. It is unnecessary to decide whether placing the wife in possession under this invalid transfer was *per se* such a fraud upon the creditors as justified suing out the attachment; it was, at least, such patent evidence of a fraudulent intent that the sixth and seventh instructions for the defendant should not have been given without an explanation added thereto that a parol sale was not a valid sale as to creditors.

*Judgment reversed.*